**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ANTHONY RAY CHATMAN,
ADC #98667                                                                                                    PLAINTIFF

2:11-cv-00216-JLH-JTK

DANNY BURL, et al.                                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

      The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

This matter is before the Court on the Motions for Summary Judgment filed by Defendants Strickland and Ball, and Corizon, Inc. (Doc. Nos. 33, 49)[1], and on the Plaintiff's Motion for Summary Judgment (Doc. No. 44). Plaintiff filed a Response to Defendants' Motion (Doc. No. 39), and Defendants responded to Plaintiff's Motion (Doc. No. 45).

Plaintiff Anthony Chatman is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment right.[2] Plaintiff asks for monetary and injunctive relief from Defendants.

---

[1] Defendant Corizon, Inc. (the medical services provider for the ADC), adopts and incorporates by reference the Summary Judgment Motion, Brief, and Statement of Facts filed by Defendants Strickland and Ball.

[2] Defendants Burl and Green were dismissed from this action by Order dated May 21, 2012 (Doc. No. 36).

## II. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Webb, 144 F.3d at 1135, quoting Celotex, 477 U.S. at 324. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendants' Motion (Doc. Nos. 33, 49)

In support of their Motion, Defendants state that they should be dismissed from Plaintiff's Complaint, because he did not fully exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and the ADC grievance procedure, Administrative Directive (AD) 10-32. (Doc. No. 27-1.)   The PLRA mandates complete exhaustion of administrative remedies prior to filing a lawsuit pursuant to 42 U.S.C. § 1983. Jones v. Bock, 549 U.S. 199, 219 (2007).

The ADC grievance procedure involves two steps, an informal resolution and the formal grievance procedure, and requires that an inmate's complaint be specific as to the complaint, date, place, and personnel involved. (AD 10-32.IV.E.2, Doc. No. 35-1, p. 7.) In addition, the grievance procedure specifically informs inmates they must fully exhaust prior to filing a lawsuit, stating, "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit . . . . If this is not done, their lawsuits or claims may be dismissed immediately." (AD 10-32.IV.N, Doc. No. 35-1, p. 20.) In this particular case, Defendants note that Plaintiff admitted in his Complaint he did not fully exhaust his administrative remedies through the ADC grievance procedure. (Doc. No. 1, p. 3.) In addition, Defendants present the affidavit of Sherrie Williams, a medical grievance investigator for the ADC, who states that Plaintiff did not complete the grievance process prior to filing this lawsuit. (Doc. No. 35-1.) Ms. Williams also states that Plaintiff filed only one grievance in 2011 (EA-11-1078, filed November 10, 2011), and that he received a response denying his grievance on December 13, 2011, but did not appeal and exhaust that grievance (Id.).

**B.   Plaintiff's Response (Doc. No. 39)**

Plaintiff does not respond to the Defendants' failure to exhaust argument, and instead, reiterates the allegations set forth in his Complaint against Defendants (Doc. No. 39.)

**C.   Analysis**

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, 532 U.S. 731, 741 n.6 (2001), the United States Supreme Court held that, in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, Eighth Circuit Court of Appeals held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corr., 201 F.3d 1023, 1025 (8th Cir. 2000). In Johnson v. Jones, 340 F.3d 624, 627-8 (8th Cir. 2003), the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original.) Finally, in Jones v. Bock, 549 U.S. at 218, the United States Supreme Court held that, while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." It is clear to the Court that the grievance Plaintiff filed concerning the issue raised in his Complaint, EA-11-01708, was not completely exhausted prior to the time Plaintiff filed his lawsuit. The grievance was filed on November 10, 2011, and the response from the Health Services was dated December 13, 2011 (Doc. No. 35-1, p. 2). Plaintiff filed this lawsuit on November 28, 2011, which is prior to the response from the Health Services. In addition, in order to fully exhaust his administrative remedies, Plaintiff was required to appeal the decision of the Health Services, and he has provided no evidence of doing so, or of receiving a final decision prior to the date he filed

his lawsuit.[3]

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that the Motions for Summary Judgment filed by Defendants Strickland, Ball, and Corizon, Inc. (Doc. Nos. 33, 49) be GRANTED and that Plaintiff's Complaint be DISMISSED, without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Summary Judgment (Doc. No. 44) be DENIED as moot.

IT IS SO RECOMMENDED this 21st day of August, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] In light of the Court's decision that Plaintiff failed to exhaust his administrative remedies as required by the PLRA, the Court will forego discussion of Plaintiff's Summary Judgment Motion (Doc. No. 44).